OPINION
PER CURIAM.
Gisell Torres, a native and citizen of Peru, was admitted to the United States in April 1990, along with her parents and sister, on a B-l/B-2 visa. At the time, Torres was three years-old. In 1998, Torres and her family were charged with overstaying them period of admission. See Immigration and Nationality Act (“INA”) § 237(a)(1)(B) [8 U.S.C. § 1227(a)(1)(B)]. The family conceded removability, and Torres’ father applied for asylum and withholding of removal. After the Immigration Judge (“IJ”) denied relief, the Board of Immigration Appeals (“BIA”) affirmed without opinion on June 7, 2002, permitting each family member to voluntarily depart within 30 days.
The family did not depart, however. On May 12, 2008, Torres’ parents were taken into custody and were eventually removed from the United States. On June 19, 2008, Torres married a United States citizen, who later filed a petition for alien relative (Form 1-130) on her behalf.[1] Shortly thereafter, Torres filed a motion to reopen, seeking to adjust her status based on her marriage. The BIA denied the motion to reopen, finding that it was untimely and that there were no applicable exceptions to the 90-day limit on filing a motion to reopen. See 8 C.F.R §§ 1003.2(c)(2) and (c)(3). The Board also declined to reopen the proceedings suci sponte, see 8 C.F.R. § 1003.2(a), concluding that neither Torres’ age at the time voluntary departure was granted, nor her marriage to a United States citizen, constituted an exceptional situation. Torres filed a timely petition for review.
We have jurisdiction over the petition for review pursuant to INA § 242 [8 U.S.C. § 1252] [2] We review the BIA’s denial of a motion to reopen for abuse of discretion, and will not disturb the decision unless it was arbitrary, irrational or contrary to law. See Zheng v. Att’y Gen., 549 F.3d 260, 265 (3d Cir.2008).
*798 Pursuant to 8 C.F.R. § 1003.2(c)(2), an alien “may file only one motion to reopen,” and the motion must be filed “no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened.” See also INA § 240(c)(7)(C)(I) [8 U.S.C. § 1229a(e)(7)(C)(I) ]. Torres argues that the time limitation on filing motions to reopen should be equitably tolled. The Government contends that we lack jurisdiction over this argument because Torres did not raise it in her motion to reopen. See Bonhometre v. Gonzales, 414 F.3d 442, 447 (3d Cir.2005) (“To exhaust a claim ... an applicant must first raise the issue before the BIA or IJ.”). Importantly, however, when the BIA sua sponte addresses an otherwise unexhausted issue, failure to raise the issue on administrative appeal may be excused. See Lin v. Att’y Gen., 543 F.3d 114, 123-24 (3d Cir.2008) (“We agree with the logic of the majority of our fellow courts of appeals on this issue and find that we have jurisdiction to address the IJ’s adverse credibility determination because the BIA considered the issue sua sponte.”). Here, the BIA’s stated that Torres has “not demonstrated that an exception to the statutory and regulatory timely filing requirement applies.” This constitutes a sua sponte denial of equitable tolling over which we may exercise jurisdiction. See Mahmood v. Gonzales, 427 F.3d 248, 251 n. 7 (3d Cir.2005).
Torres plausibly claims that she was unaware of the final removal order that the BIA issued in June 2002, when she was 15 years-old. Torres and her family apparently had no further contact with the Government until May 12, 2008, when Department of Homeland Security (“DHS”) officers took her parents into custody. Torres was instructed to report to the DHS office in Newark, New Jersey. Torres appeared there on June 12, 2008, and was given an Order of Supervision, directing her to report back on July 24, 2008, with an airline ticket to Peru.
On June 26, 2008, Torres filed her motion to reopen to apply for adjustment of status based on her recent marriage to a United States citizen. See id. at 252-53 (holding that a petitioner who seeks equitable tolling must exercise due diligence in pursuing the case). Torres is eligible to apply for adjustment of status on the state of the record. She married a U.S. citizen on June 19, 2008, her husband filed an I-130 petition on August 21, 2008, and the petition was approved on April 2, 2009. Under the circumstances presented in this case, and given Torres’ diligent efforts in pursuing adjustment of status, see Mah-mood, 427 F.3d at 252-53, we conclude that the BIA abused its discretion in not equitably tolling the limitations period for filing a motion to reopen.
For the foregoing reasons, we will grant the petition for review, vacate the BIA’s order of July 28, 2008, and remand the case with instructions to reopen the proceedings.

. The 1-130 petition was filed on August 21, 2008, and it was approved on April 2, 2009.

. In this proceeding, we cannot review the BIA’s original final order of removal because the petition For review was timely only as to order denying reopening. See INA 242(b)(1) [8 U.S.C. § 1252(b)(1)]; McAllister v. Att’y Gen., 444 F.3d 178, 184-85 (3d Cir.2006).